HARPER *v.* ARMSTRONG TIRE & RUBBER COMPANY

No. 39888          January 23, 1956          84 So. 2d 682

*Berger & Callon, Joseph E. Brown,* Natchez, for appellant.

*Laub, Adams, Forman & Truly,* Natchez, for appellee.

GILLESPIE, J.

Appellant Harper sued appellee, Armstrong Tire and Rubber Company, for injuries to appellant's hand. The alleged negligence of appellee was the failure to exercise reasonable care to furnish appellant with a reasonably safe machine, and in failing to exercise reasonable care to maintain a system of reasonable inspection on the machinery with which appellant was required to work.

Trial was had before the county judge without a jury, and judgment was rendered for plaintiff. On appeal to the circuit court, the judgment was reversed. Plaintiff appealed here. We refer to appellant as plaintiff and appellee as defendant.

The injuries were sustained by plaintiff prior to the effective date of the Workmen's Compensation Act, and suit was filed shortly before the claim was barred by the statute of limitation.

Plaintiff was operating an inner tube curing machine and placed his hand about the center of the stationary lower jaw to re-establish connection of the air hose that had blown off while the upper jaw was descending. The machine was automatic and electrically driven. Plaintiff's hand was injured when caught between the jaws of the machine. He reached in between the jaws of the machine without first actuating the safety bar with which the machine was equipped, but actuated the safety bar with his right hand. The descent of the upper jaw was not arrested by means of the safety device before

his hand was caught, but the descent was arrested before the jaws completely closed and plaintiff was able to jerk his hand from the machine.

The proper thing for plaintiff to have done was to first push the safety bar and then insert his hand into the machine to connect the air hose. The machine was working properly prior to the accident, as well as afterwards, and there is nothing to show that any repairs were made on the safety device after the injury and before the machine was thereafter found to be working properly. Plaintiff was unable to show any defect in the safety device that contributed in any way to his injuries. The burden was upon plaintiff to prove negligence, and in this he wholly failed, and there is no basis for a judgment in his favor.

Assuming there was no reasonable inspection of the machines on the part of the defendant, such lack of inspection was not actionable negligence because it was not shown that any defect existed which proximately contributed to the plaintiff's injury, and which could, or should, have been discovered upon reasonable inspection.

We do not reach consideration of the validity of the release pleaded by the defendant.

Affirmed.

*Roberds,* P.J., and *Lee, Arrington,* and *Ethridge,* JJ., concur.